UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF ILLINOIS EASTERN
DIVISION

Tracie Duncan,                                    )
      Plaintiff,                              )
                                )
v.                                                )
                                )
Maine Township High School District 207  )
      Defendant.                             )     JURY TRIAL DEMANDED

Plaintiff, Tracie Duncan, through her attorney, Efird & Associates, complains against Defendant, Maine Township High School District 207, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this two (2) count complaint against Maine Township High School District 207 seeking redress for Defendant's egregious disability discrimination and violation of the Family Medical Leave Act.

2. Plaintiff was terminated without legitimate non-discriminatory basis.

3. During all relevant times Plaintiff performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

4. Plaintiff has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of defendant's illegal conduct.

## JURISDICTION

5. This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities act, 42 USC § 12101 et seq., as amended for discrimination based upon a disability and the failure to accommodate same. This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §139l(b) and

(c). Defendant resides and does business in the Northern District of Illinois and the

Plaintiff is a resident of the Northern District of Illinois. Defendant is subject to personal

jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part

of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

7.  Plaintiff is a resident of Lindenhurst, Illinois. At all relevant times she has lived in
    and been a citizen of the County of Cook, State of Illinois.

8.  Plaintiff was hired by Defendant on or around August 25, 2014.

9.  Plaintiff was discharged on April 28, 2016 and this termination was confirmed by the
    school board via a letter on July 12, 2016.

10. Defendant is an Illinois government entity and is an employer within the meaning of
    the American with Disabilities Act and the Family Medical Leave Act.

## PROCEDURAL REQUIREMENTS

11. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of
    Discrimination based on age and discrimination with the EEOC on August 8, 2016, more
    than 180 days before this lawsuit was filed. A copy of the Charge is attached as Exhibit
    A.

12. On April 7, 2017, the attorney general sent out the Notice of Right to Sue. The Notice is
    attached hereto as Exhibit A. Plaintiff has timely filed this lawsuit within ninety (90) days
    of the receipt of the right to sue which occurred on April 11, 2017.

## COMMON ALLEGATIONS

13. Plaintiff was diagnosed with having relapsing remitting multiple sclerosis in June 2006.

14. Plaintiff began her employment at Maine West High School as the Technical Director on August 25, 2014. At the time of her termination her supervisor was Pat Barnett. Her job was to coordinate, set up and tear down all equipment props and prepare the space for school productions.

15. She disclosed her condition to Mr. Barnett on January 6, 2016. Since that point she was harassed by her supervisor on numerous occasions. His actions were a deliberate attempt to force her to quit or in the alternative to make it appear that she was not meeting her job requirements.

16. Prior to her disclosing her condition to Mr. Barnett, he did not intentionally refuse to discuss job duties, and other issues with her. After the disclosure there was a dramatic change in his treatment of the Plaintiff.

17. On numerous occasions she requested accommodations under the ADA.

18. Despite her requests these accommodations were not granted nor was there ever any dialogue regarding her requests.

19. Her complaints regarding the employer's failure to enter into a dialogue regarding her accommodation requests and the employer's harassment of her for her requests for FMLA leave and her condition occurred numerous times including the most recent time in June of 2016.

20. Defendant shortly after her June 2016 complaint filed a job list searching for someone to replace the plaintiff.

21. Mr. Barnett, her supervisor's initial reaction to her condition reveaed his deep seated unwillingness to make any accommodations. He stated that the condition I had made me

"a danger to others." He argued that the Plaintiff should be able "catch" students if they fell off the school stage. This was ridiculous as she deals with high school students and no one in her position would be required to catch them.

22. At no point have there ever been any complaints by students, staff or parents that the Plaintiff has been a danger to anyone.

23. Mr. Barnett deliberately refused to follow department policies set out by him. He did this in order to make me conduct my employment without knowledge of my assignments and duties. This is one example of the harassment he engaged in.

24. Mr. Barnett deliberately scheduled department meetings at a time when the Plaintiff was unable to attend because of her previously scheduled supervision responsibilities.

25. Mr. Barnett deliberately did not include the plaintiff in departmental communications. He did this by routinely leaving the plaintiff off of emails from him informing staff about upcoming dates for reconciling receipts.

26. Mr. Barnett would not share Master Calendar forms describing sponsoring groups, set-ups and technical needs unless there were repeated requests from the Plaintiff. When duplicated requests were made he accused the plaintiff of being belligerent and irritable. Without these forms she had no way of preparing the stage for an event. He blatantly disregarded his own policy requirement that users of the stage were to contact the plaintiff two weeks in advance of scheduling an event.

27. Mr. Barnett repeatedly spoke to the plaintiff in a disparaging manner and did so in front of their colleagues and peers.

28. About a month after the Plaintiff started using an eye patch, she was told by Mr. Barnett and Dr. Haugen (the principal) that she no longer fit the "vision" of the department and would not be asked back for the 2016-2017 school year. She was assured numerous times it was not due to performance issues. Only after the Plaintiff refused to voluntarily resign did Mr. Barnett write a misleading evaluation to justify her dismissal.

29. The defendant's alleged reason that she was let go was for performance reason. These reasons were pretextual and at no point was proof given nor was she ever given a verbal or

written warning.

30. Plaintiff's job performance as the Technical Director was exemplary and she met all the reasonable job expectations of my employer.

31. Plaintiff filed for FMLA leave during the spring of 2016. After she filed for FMLA her contract was not renewed for the following year.

32. During Spring Break of 2016, Plaintiff chose to not work as her eyesight deteriorated and she was unable to see. The Chair of the department expressed his displeasure with her for not having the set finished by the end of the spring break. He made it clear that he considered her failure to complete the set as proof of her inadequacy.

33. Plaintiff asked for a number of accommodations. This included but was not limited to:

    1  Plaintiff asked to be excused from the overnight High School Theater Conference trip;

    2  Plaintiff requested additional help during her flare ups to complete sets;

    3  Plaintiff requested specific shifts to assist with her flare-ups

    4  Plaintiff requested a change in the set building schedule given she was working in excess of 80 hours per week with no assistance;

    5  Plaintiff requested to leave early on one opening night – and although she was given permission to leave she was later chastised for leaving early.

34. Plaintiff's requests for accommodations were sometimes granted but predominately they were denied. Further these requests were used as the basis for her termination.

35. Plaintiff heard Pat Barnett speak poorly regarding individuals who have disabilities. One such incidence of this was complaints he made regarding an individual with Parkinson's.

36. Pat Barnett further discriminated against a deaf student. When Plaintiff attempted to assist the deaf student Mr. Barnett chastised her for assisting the deaf child stating that she should not accommodate the child.

## COUNT I

### (DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT BASED ON FAILURE TO ACCOMMODATE AND TERMINATION)

13. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein

14. On August 8, 2016, the plaintiff filed a Charge of Discrimination against the defendant pursuant to the Americans With Disabilities Act of 1990 with the Equal Employment Opportunity Commission (EEOC), copy attached as Exhibit A.

15. The plaintiff was qualified and capable of performing all required tasks of the

position.

16. The plaintiff made a variety of accommodation requests. The employer failed to engage in any meaningful dialogue regarding her requests.

17. Plaintiff was terminated.

18. As a direct and proximate result of the defendant's intentional conduct towards the plaintiff, the plaintiff has lost wages and other benefits; her earning capacity has been impaired; she has suffered an illness, pain and emotional distress; a loss of enjoyment in life and other non pecuniary losses, all of which will be proven at trial.

19. The plaintiff has been required to retain an attorney to protect her interests and prosecute this claim.

## COUNT II

## COMPENSATORY DAMAGES UNDER THE FMLA

20. Plaintiff realleges and reaffirms numbers 1-35.

21. Plaintiff is informed and believes, and on that basis alleges, that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

22. Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Plaintiff retaliated against for taking FMLA leave.

23. As the result of Plaintiff's termination, Plaintiff has incurred, and is now incurring, a loss of wages and continuing medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed $25,000.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. Acceptance of jurisdiction of this cause;

B. Declaratory judgment that the employment practices challenged herein are illegal and violate Plaintiff's rights;

C.  A preliminary and permanent injunction against Defendant and its partners, officers, owners, agents, successor, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, discrimination and retaliation as set forth herein;

D.  Damages sufficient to compensate Plaintiff for her injuries;

E.  Reinstatement or front pay;

F.  Back pay, inclusive of lost wages and any benefits;

G.  Lost future earnings including all benefits;

H.  Prejudgment and post-judgment interest;

I.  Punitive damages;

J.  An award of litigation costs and expenses; and

K.  Any and all other relief that this Honorable Court may deem just and equitable.

Respectfully submitted,

BY:    /s/ Elisabeth Efird
          Elisabeth Efird, one of plaintiff's attorneys

Elisabeth Efird
Efird & Associates,
1997 W Greenleaf Drive
Round Lake, IL 60073
Phone: 773-892-2122



CERTIFIED MAIL
7003 0500 0002 5071 8237

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

Ms. Tracie Duncan
c/o Elisabeth Efird, Esquire
Koop Law Group
1275 Barclay Blvd.
Suite 400
Buffalo Grove, IL  60089

April 07, 2017

Re:  EEOC Charge Against Maine Township High School Dist. 207
No. 440201605402

Dear Ms. Duncan:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

T. E. Wheeler, II
Acting Assistant Attorney General
Civil Rights Division

by  Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
Maine Township High School Dist. 207



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8000
TTY (312) 869-8001
FAX (312) 869-8220

Tracie Duncan
c/o Elisabeth Efird, ESQ
KOOP LAW GROUP, LLC
1275 Barclay Boulevard, Suite 400
Buffalo Grove, IL 60089

| | |
|---|---|
| Charging Party: | Tracie Duncan |
| Respondent: | Maine Township H.S. 207 |
| EEOC No: | 440-2016-05402 |

Dear Ms. Efird, ESQ:

Your request for a Notice of Right-to-Sue on the above referenced charge has been received.

Because your charge is filed against a public employer, your request is being forwarded to the Department of Justice. You will receive a response from them in the near future.

Sincerely,

3-15-17
Date

Julianne Bowman
District Director

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TRANSMITTAL TO DEPARTMENT OF JUSTICE OF REQUEST FOR

NOTICE OF RIGHT TO SUE

*(The attached charge involves state/local government or political subdivisions, including public education institutions.)*

| TO: | FROM (*Area or District Name/Address*): |
|---|---|
| **Ms. Karen Ferguson, Civil Rights Analyst**<br>**Employment Litigation Section**<br>**Civil Rights Division**<br>**U.S. Department of Justice**<br>**10th and Constitution Avenue, NW**<br>**Patrick Henry Building, Room 4239**<br>**Washington, D.C. 20530** | **EQUAL EMPLOYMENT OPPORTUNITY COMMISION**<br>**CHICAGO DISTRICT OFFICE**<br>**500 WEST MADISON ST, SUITE 2000**<br>**CHICAGO, IL 60661**<br><br>OFFICE WHERE CASE FILE IS LOCATED:<br><br>*(If different from above)* |

NOTICE OF RIGHT TO SUE TO BE ISSUED BASED ON THE INFORMATION PROVIDED BELOW

| NAME/ADDRESS OF CHARGING PARTY TO WHOM NOTICE IS TO BE <u>ADDRESSED</u>: | IF CHARGE WAS THIRD PARTY CHARGE, NAME AND ADDRESS OF AGGRIEVED PERSON TO WHOM NOTICE IS TO BE <u>SENT</u>: |
|---|---|
| Tracie Duncan<br>c/o Elisabeth Efird, ESQ<br>KOOP LAW GROUP, LLC<br>1275 Barclay Boulevard, Suite 400<br>Buffalo Grove, IL 60089<br><br>☐ Charging party has filed the charge on behalf of an aggrieved person whose identity is confidential (29 CFR 1601.7(a)). | |

NAME/ADDRESS OF RESPONDENT(S) AND EEOC CHARGE NUMBER(S)

MAINE TOWNSHIP HIGH SCHOOL DISTRICT 207
c/o Shelli L. Anderson, Esq.
Franczek Radelet
300 South Wacker Drive, Suite 3400
Chicago, IL 60606

Tracie Duncan v. Maine Township H.S. 207
440-2016-05402

ATTACHED IS A REQUEST FOR NOTICE OF RIGHT TO SUE FOR THE ABOVE CHARGE(S) AND OTHER ATTACHED DOCUMENTS AS INDICATED BELOW:
LETTER OF REQUEST FROM:

☐ CHARGING PARTY DATED: _____   ☒ ATTORNEY FOR CHARGING PARTY DATED   **2/9/17**

ATTACHMENTS:   ☒ ORIGINAL CHARGE   ☐ AMENDED CHARGE   ☐ CAUSE DETERMINATION
(if issued) DATED _____

**8/8/16**

☐ Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the date
shown above.

☐ Please indicate on the Notice of Right To Sue that the Commission will continue to process this charge.

| NAME AND TELEPHONE NUMBER OF CONTACT PERSON (*Use FTS No.*) | DATE |
|---|---|
| **ROBERT SHELTON (312) 869-8079** | 3/15/17 |

| TYPED NAME OF EEOC OFFICIAL | SIGNATURE |
|---|---|
| **JULIANNE BOWMAN, DISTRICT DIRECTOR** | *Julianne Bowman* |

DEPARTMENT OF JUSTICE USE ONLY

| ☐ RS | ☐ OMITATTY# | ☐ DCT | ☐ FILE |
|---|---|---|---|

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|

REMARKS

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: Agency(ies) Charge No(s): FEPA EEOC<br><br>440-2016-05402 |
|---|---|

and EEOC *State or local Agency, if any* EEOC and Illinois Department of Human Rights

| Name *(Indicate Mr., Ms., Mrs.)*<br>Tracie Duncan | | Date of Birth<br>04/12/1974 |
|---|---|---|
| Street Address City, State and ZIP Code<br>516 Sandpiper Drive Lindenhurst, IL 60046 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Maine Township High School District 207 | No. Employees, Members 50 or more | Phone No. with Area Code<br>847-696-3600 |
|---|---|---|
| Street Address City, State and ZIP Code<br>1177 South Dee Road, Park Ridge IL 60067 | | |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Street Address City, State and ZIP Code | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* RACE COLOR SEX RELIGION NATIONAL ORIGIN RETALIATION AGE DISABILITY OTHER *(Specify below)*<br>Discrimination based on Disability<br><br>RECEIVED EEOC<br>AUG 0 8 2016 | Earliest Latest DATE(S) DISCRIMINATION TOOK PLACE<br>January 6, 2016 |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**CHICAGO DISTRICT OFFICE**

I.   A. Issue/Basis Termination based on disability

   B. Prima Facie Allegations

      1. I was diagnosed with having relapsing remitting multiple sclerosis in June 2006.

      2.  I began my employment at Maine West High School as the Technical Director on August 25, 2014. At the time of my termination my supervisor was Pat Barnett. My job was to coordinate, set up and tear down all equipment props and prepare the space for school productions.

      3.  I disclosed my condition to Mr. Barnett on January 6, 2016. Since that point I was harassed by my supervisor on numerous occasions. His actions were a deliberate attempt to force me quit or in the alternative to make it appear that I was not meeting my job requirements.

CONTINUED – SEE ATTACHMENTS

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my y address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. *Date Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Tracie L. Duncan*    7/26/16 | |

a. Mr. Barnett's initial reaction to my condition revealed an unwillingness to make any accommodations. He stated that the condition made me a danger to others. He argued that I should be able to "catch" students if they fell off the stage. As I deal with high school students this is physically absurd and patently false. Since that point, he has never offered to discuss accommodation options in accordance with the Americans with Disability Act. I was highly offended that he thought my condition would make me a danger to others. There were no reports, complaints or incidents otherwise to support the view of me posing a threat to myself, staff or students.

b. Mr. Barnett deliberately refused to follow department policies set out by him was one method of harassment. This forced me to work with partial and incomplete knowledge. The lack of professional cooperation and any assistance made it incredibly difficult to achieve the level of execution that I achieved in my work prior to the diagnoses and was still fully capable of providing had his treatment toward me not changed.

c. About a month after I started the eye patch, I was told by Mr. Barnett and Dr. Haugen (the principal) I no longer fit the "vision" of the department and would not be asked back for the 2016-2017 school year. I was assured numerous times it was not due to performance issues. Only after I refused to voluntarily resign did Mr. Barnett write a misleading evaluation to justify my dismissal.

4. My employer's alleged reason that I was let go was for performance reason. These reasons are pretextual and at no point was proof given nor was I ever given a verbal or written warning.

5. My job performance as the Technical Director was exemplary and I met all the reasonable job expectations of my employer.

6. On April 28, 2016 I was informed by my supervisor that I was terminated, this has been since confirmed by the school board via a letter dated July 12, 2016.

II. A. Issue/Basis Hostile work environment due to disability

B. Prima Facile Allegations

1. I am restating and realleging all facts contained with respect to Count I.

2. Mr. Barnett's refusal to cooperate professionally since learning of my condition created a hostile work environment. He did this by interfering with my ability to successfully complete my work.

3. Mr. Barnett systematically excluded me from essential communication and access to materials needed to perform my duties.

   a. He deliberately scheduled department meeting at a time when I was unable to attend because of my previously scheduled supervision responsibilities.

   b. He did not include me in all the department communications.

      i. I was routinely left off emails informing staff about upcoming dates for reconciling receipts. On at least 2 occasions he did not inform me receipts were missing from my monthly reconcile. By expecting my receipts in advance, without notice, he established different standard from me than he expects from other member of the department.

   c. He would not share Master Calendar forms describing sponsoring groups, set-ups and technical needs unless there were repeated requests. When duplicated requests were made he accused me of being belligerent and irritable. Without these forms I had no way of preparing the stage for an event. He blatantly disregarded his own policy requirement that users of the stage were to contact me two weeks in advance of scheduling an event.

      i. On one such occurrence he did not inform me of set-up and technical needs of his very own event until 2 hours prior to the event's start time.

      ii. On another occurrence, I was only provided one week notice and he made changes to the usage of the stage by other groups during that week without informing me. While working around the obstacles presented by these arrangements, Mr. Barnett sent a rude email and dropped off Master Calendar forms that only covered the next two weeks. It is important to note prior to him being aware of my condition this had never occurred.

4. Mr. Barnett refused to address conflicts or difficulties that arose with scheduling and events, accusing me of creating problems and being difficult to work with.

a. One example of this was at the spring production where he withheld the name and information for the program until I had less than two weeks before the design deadline. It takes an average of 2-3 weeks of uninterrupted work to create and vet a set design. During this time, the auditorium had been booked for other school functions and I lost the use of my right eye due to a MS flare up. I was not offered or provided any assistance despite requesting such accomodation. He told me I would just have to "make it work".

b. He would not communicate with other staff when changes or conflicts occurred. This conduct created the impression that I was disorganized and disrespectful to my colleagues.

i. During the summer I noticed the auditorium was double booked. I emailed him to see if he was aware of the conflict and his response was that everyone was aware of the situation and that I should not worry about it. I was told, by him, that he would handle discussing the situation with the groups directors scheduled to use the space. I even offered a compromise for the use of the space. Unfortunately, not everyone was made aware of the situation which upset the other directors and made me look disorganized, uncommunicative and disrespectful to the people involved. Mr. Barnett blamed me for creating an emergency where there wasn't one. He repeatedly placed events on top of each other and blamed me for a lack of communication when events conflicted.

ii. He coded receipts from me incorrectly, raising attention of the auditor and making it necessary for me to justify my purchases.

5. I overheard Mr. Barnett repeatedly speaking about me in a disparaging way to our colleagues and peers.

a. During another MS flare up, I had to wear an eye patch and Mr. Barnett made such comments that with my condition I could not "catch" falling students. No staff is expected to physically catch students.

III. A. Issue/Basis Retaliation

B. Prima Facie Allegations

1. I am restating and realleging the facts contained in Count I and II.

2. I made a complaint of the ongoing harassment on May 10, 2016. A job posting was listed for my position the next day while I was still on FMLA leave.